

C 94

CAUSE NO. 06-12248

FILED

2007 SEP 11 AM 10: 02

IN THE DISTRICT COURT

GARY FITZSIMMONS

DISTRICT CLERK

DALLAS CO., TEXAS

DEPUTY

DANNY CRYER, Individually and as a §
Representative of the Estate of Benny Cryer, §
Deceased, and the Estate of Martha Cryer, §
Deceased; and SHARON RUCKEL §
     Plaintiffs §
§
and §
§
REPUBLIC LLOYDS §
     Intervenor §
§
v. §
§
ATMOS ENERGY CORPORATION §
     Defendant §
v. §
§
SABER DEVELOPMENT CORPORATION §
     Third-Party Defendant §

B-44th JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

## SUBPOENA
## THE STATE OF TEXAS
## COUNTY OF TEXAS

TO:    Any Sheriff or Constable of the State of Texas or Other Person Authorized to Serve
        Subpoenas under Rule 176 of the Texas Rules of Civil Procedure.

In the name of the STATE OF TEXAS, you are hereby COMMANDED TO SUBPOENA AND
SUMMON:

Ryan Wagnon
15361 Segovia Dr., Apt. 1181
Dallas, TX 75248
(972) 386-8688

who is required to appear and give an oral deposition at the offices of Paul A. Grinke,
McCathern | Mooty LLP, 3710 Rawlins, Suite 1600, Dallas, TX 75219, on **Wednesday,
September 12, 2007 at 10:00 a.m.**

This subpoena is issued on August 17, 2007 in accordance with Rule 176 of the Texas Rules of
Civil Procedure, by Mark L. Hawkins, State Bar No. 00790843, attorney for Plaintiff. In accord
with Section 22.001 of the Civil Practice and Remedies Code, a fee of $10.00 is hereby attached
for the witness.

304863-1 08/14/2007

CONTEMPT.  Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement or both.

Respectfully submitted,

**MARK L. HAWKINS**
State Bar No. 00790843
**J. BRUCE SCRAFFORD**
State Bar No. 17931100
**ARMBRUST & BROWN, L.L.P.**
100 Congress Avenue, Suite 1300
Austin, Texas  78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile

ATTORNEYS FOR PLAINTIFFS

**PROOF OF SERVICE**

I _STEVEN W. THOMAS_ served Ryan Wagon by hand delivering a copy of the above subpoena and tendering all lawful fees on the _3_ day of _SEPTEMBER_, 2007.

Witness my hand, this the _4th_ day of _SEPTEMBER_, 2007.

(Seal)                                    Notary Public Signature

LACEY MICHELLE RODRIGUEZ
MY COMMISSION EXPIRES
October 31, 2010

304863-1 08/14/2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was delivered via facsimile to the following counsel of record on this the ___ day of August, 2007:

Karin B. Torgerson
Locke Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, TX  75201

Darrell W. Calvin, Jr.
Touchstone, Bernays, Johnston, Beall,
   Smith & Stollenwerck, L.L.P.
4700 Renaissance Tower
1201 Elm Street
Dallas, TX  75270

Paul A. Grinke
McCathern | Mooty LLP
3710 Rawlins, Suite 1600
Dallas, TX  75219

MARK L. HAWKINS

304863-1 08/14/2007



C 95

# TOUCHSTONE BERNAYS

## ATTORNEYS AT LAW

4700 RENAISSANCE TOWER
1201 ELM STREET, DALLAS, TEXAS 75270-2196

FILED

07 SEP 13 PM 3: 13

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

TEL 214-741-1166
FAX 214-741-7548
www.touchstonelaw.com
lawfirm@tbjbs.com

Darrell W. Calvin
Attorney
DIRECT DIAL 214-672-8216
DIRECT FAX 214-259-8716
darrell.calvin@tbjbs.com

August 29, 2007

Ms. Karin B. Torgerson
Locke Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

VIA FACSIMILE 214-740-8800

RE:  *Danny Cryer v. Atmos Energy v. Saber Development Corporation*
Cause No. 06-12248-B; 44th District Court, Dallas County, Texas
Our File No: 1039/66614

Dear Karin:

This letter will memorialize our agreement that Third Party Plaintiff Atmos is agreeing to extend Saber Development Corporation's deadline to respond to Atmos' Third Request for Production and First Request for Inspection until Friday, September 14, 2007. If this accurately reflects our agreement, please sign below in the space provided and let this letter serve as a Rule 11 agreement for filing with the Court. Please also let this letter serve as a memorialization of our agreement that I have agreed to extend the same courtesy to Third-Party Plaintiff Atmos for Saber Development Corporation's Second Request for Production to Atmos.

Should you have any questions, please do not hesitate to call me directly.

Very truly yours,

Darrell W. Calvin, Jr.

DWC/cab/1027974 1
AGREED:

Karin B. Torgerson

TOUCHSTONE, BERNAYS, JOHNSTON, BEALL, SMITH & STOLLENWERCK, L.L.P.
www.touchstonelaw.com

# TOUCHSTONE BERNAYS

**ATTORNEYS AT LAW**

4700 RENAISSANCE TOWER
1201 ELM STREET, DALLAS, TEXAS 75270-2196

TEL 214-741-1166
FAX 214-741-7548
www.touchstonelaw.com
lawfirm@tbjbs.com

Darrell W. Calvin
Attorney
DIRECT DIAL 214-672-8216
DIRECT FAX 214-259-8716
darrell.calvin@tbjbs.com



FILED
07 SEP 13 PM 3: 13

September 12, 2007

Court Clerk
44th District Court
600 Commerce St., Box 540
Dallas, Texas 75202

> RE:    Cause No. 06-12248-B
> *Danny Cryer, et al v. Atmos Energy Corporation v. Saber Development Corp.*
> Our File No. 1039/66614

Dear Clerk:

Enclosed please find the original and one copy a Rule 11 regarding Third-Party Plaintiff agreeing to extend Defendant Saber Development's deadline for responding to Request for Production and First Request for Inspection in the above-referenced matter.  Please file the original and return a file-marked copy to the undersigned.

Thank you for your assistance.

Very truly yours,

Darrell W. Calvin, Jr.

DWC/cab/1029131.1
Enclosure

---

TOUCHSTONE, BERNAYS, JOHNSTON, BEALL, SMITH & STOLLENWERCK, L.L.P.
www.touchstonelaw.com

September 12, 2007
Page 2

cc:

Ms. Karin B. Torgerson
Locke, Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

Mr. Mark L. Hawkins
Armbrust & Brown, L.L.P.
100 Congress Ave., Suite 1300
Austin, Texas 78701

Mr. Paul Grinke
McCathern Mooty, L.L.P.
3710 Rawlins, Suite 1600
Dallas, Texas 75219



C 9u

```
 1                      CAUSE NO. 06-12248
 2   DANNY CRYER, Individually and   ) IN THE DISTRICT COURT
     As a Representative of the      )
 3   Estate of Benny Cryer, Deceased,)
     And the Estate of Martha Cryer, )
 4   Deceased; and SHARON RUCKEL     )
          Plaintiffs                 )
 5                                   )
     and                             )
 6                                   )
     REPUBLIC LLOYDS                 )
 7        Intervenor                 )
                                     )
 8   v.                              ) B-44TH JUDICIAL DISTRICT
                                     )
 9   ATMOS ENERGY CORPORATION        )
          Defendant                  )
10                                   )
     v.                              )
11                                   )
     SABER DEVELOPMENT CORPORATION   )
12        Third-Party Defendant      )DALLAS COUNTY, TEXAS
13
14
     --------------------------------------------------------
15                   REPORTER'S CERTIFICATION
           ORAL AND VIDEOTAPED DEPOSITION OF KIRBY SHADDIX
16                       AUGUST 7, 2007
     --------------------------------------------------------
17
          I, SHANA R. WISE, Certified Shorthand Reporter in and for
18   the State of Texas, hereby certify to the following:
19        That the witness, KIRBY SHADDIX, was duly sworn by the
20   officer and that the transcript of the oral deposition is a
21   true record of the testimony given by the witness;
22        That the deposition transcript was submitted on
23   August 17th         , 2007 to the witness or to the
24   attorney for witness for examination, signature, and return to
25   Esquire Deposition Services by   September 10th   , 2007;
```

Esquire Deposition Services          3101 Bee Cave Road, Suite 220          Austin, Texas 78746
Phone (512) 634-1980                       (800) 969-3027                      Fax (512) 328-8139

Electronically signed by Shana Wise (401-340-211-9479)                    0e29222c-7e39-4845-8e3f-dee9e608df

Kirby Shaddix                                                        August 7, 2007



1      That the amount of time used by each party at the
2  deposition is as follows:

        MR. J. BRUCE SCRAFFORD        - 1 hour and 2 minutes
3          MS. KARIN B. TORGERSON        - 52 minutes
        MR. DARRELL W. CALVIN, JR. - NONE
4          MS. PAIGE A. AMSTUTZ          - NONE
5      That $ _____ is the deposition officer's charges
6  for preparing the original deposition transcript and any copies
7  of exhibits, charged to Plaintiffs.
8      That pursuant to information given to the
9          Deposition officer at the time said testimony
10  was taken, the following includes all parties of record:
        MR. J. BRUCE SCRAFFORD, Attorney for Plaintiffs;
11          MS. KARIN B. TORGERSON, Attorney for Defendant Atmos
           Energy Corporation;
12          MR. DARRELL W. CALVIN, JR., Attorney for Third-Party
           Defendant Saber Development Corporation.

13

    I further certify that I am neither counsel for, related
14  to, nor employed by any of the parties in the action in which
15  this proceeding was taken, and further that I am not
16  financially or otherwise interested in the outcome of the
17  action.
18

19      Further certification requirements pursuant to Rule 203 of
20  TRCP will be certified to after they have occurred.

21

22

23

24

25

Electronically signed by Shana Wise (401-340-211-9479)                    0e29222c-7e39-4845-8e3f-dee9e608dff...

1          Certified to by me this 15th day of August, 2007.

2

3

4          _____
           *Shana Wise*

           SHANA R. WISE, CSR NO. 6642

5          Expiration Date: 12/31/08

           Esquire Deposition Resources

6          Firm Registration No. 283

           7800 IH 10 West

7          Suite 100

           San Antonio, Texas  78230

8          (210) 377-3027

9

           EBS NO. 201126

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Electronically signed by Shana Wise (401-340-211-9479)                    0e29222c-7e39-4845-8e3f-dee9e608d

```
1           FURTHER CERTIFICATION UNDER RULE 203 TRCP
2
3       The original deposition (was)/was not returned to the
4   deposition officer on   8-28-07   ;
5       If returned, the attached Changes and Signature page
6   contains any changes and the reasons therefor;
7       If returned, the original deposition was delivered to
8   J. BRUCE SCRAFFORD, Custodial Attorney;
9       That $ 632.80 is the deposition officer's charges to the
10  Plaintiffs for preparing the original deposition transcript and
11  any copies of exhibits;
12      That the deposition was delivered in accordance with Rule
13  203.3, and that a copy of this certificate was served on all
14  parties shown herein and filed with the Clerk.
15      Certified to by me this   11th   day of
16  September   , 2007.
17
18
19
20          Shana R. Wise
            SHANA R. WISE, CSR NO. 6642   by Mandy
21                                         Pena
            Expiration Date 12-31-08
            Firm Registration No. 283
22          7800 IH 10 West
            Suite 100
23          San Antonio, Texas  78230
            (210) 377-3027
24
25  EBS NO. 201126
```

Esquire Deposition Services        3101 Bee Cave Road, Suite 220        Austin, Texas 78746
Phone (512) 634-1980                    (800) 969-3027                Fax (512) 328-8139

Electronically signed by Shana Wise (401-340-211-9479)                0e29222c-7e39-4845-8e3f-dee9e608df

```
1                    CHANGES AND SIGNATURE

2        RE: DANNY CRYER, et al. V. ATMOS ENERGY CORPORATION

3

4    PAGE/LINE      CHANGE              REASON

5     11/5      "in" to "end"        typographical error

6     25/21     "689" to "589"       clarification

7     44/25     "transaction" to "transition"   typographical error

8     55/4      "wood" to "wedge"    typographical error

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   _____

17   _____

18

19        I, KIRBY SHADDIX, have read the foregoing deposition and

20   hereby affix my signature that same is true and correct, except

21   as noted above.

22

23                         Kirby Shaddix

24                         KIRBY SHADDIX

25
```

Esquire Deposition Services          3101 Bee Cave Road, Suite 220          Austin, Texas 78746
Phone (512) 634-1980                  (800) 969-3027                       Fax (512) 328-8139

Electronically signed by Shana Wise (401-340-211-9479)                      0e29222c-7e39-4845-8e3f-dee9e608d...

Kirby Shaddix

August 7, 2007

1  THE STATE OF TEXAS      )

2                          )

3  COUNTY OF _____    )

4

5

6      Before me, *Paula Ikenouye*, on this day personally

7  appeared KIRBY SHADDIX, known to me (or proved to me under oath

8  or through *Drivers License* (description of identity card or

9  other document) to be the person whose name is subscribed to

10  the foregoing instrument and acknowledged to me that they

11  executed the same for the purposes and consideration therein

12  expressed.

13

14      Given under my hand and seal of office this

15  *27th* day of *August*, *2007*.

16

17

18

19

20      *Paula Ikenouye*

21  NOTARY PUBLIC IN AND FOR

22  THE STATE OF *Arkansas*

23

24  "OFFICIAL SEAL"
    PAULA IKENOUYE
    Notary Public, State of Arkansas
    County of Little River
    My Commission Exp. 06/17/2008

25

Esquire Deposition Services       3101 Bee Cave Road, Suite 220       Austin, Texas 78746
Phone (512) 634-1980                  (800) 969-3027                  Fax (512) 328-8139

Electronically signed by Shana Wise (401-340-211-9479)                    0e29222c-7e39-4845-8e3f-dee9e608d



# ESQUIRE
### DEPOSITION SERVICES®
A HOBART WEST COMPANY



FILED
2007 SEP 14 PM 2:43
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

Date: _9-11-07_

County of: _Dallas_

Cause Number: _06-12318_

Clerk of Said Court:

Enclosed please find the certificate(s) of deposition to be filed with the said court in connection to the above-referenced cause.

Please retain one copy for your records and return the other copy filed stamped in the return envelope provided.

Respectfully submitted,

Barbara Wood
Document Manager

Enclosure(s)



C 47

CAUSE NO. 06-12248

| | | |
|---|---|---|
| DANNY CRYER, Individually and as a | § | FILED |
| Representative of the Estate of Benny Cryer, | § | IN THE DISTRICT COURT |
| Deceased, and the Estate of Martha Cryer, | § | |
| Deceased; and SHARON RUCKEL | § | GARY FITZSIMMONS |
| Plaintiffs | § | |
| | § | |
| and | § | |
| | § | |
| REPUBLIC LLOYDS | § | B-44th JUDICIAL DISTRICT |
| Intervenor | § | |
| | § | |
| v. | § | |
| | § | |
| ATMOS ENERGY CORPORATION | § | |
| Defendant | § | |
| v. | § | |
| | § | |
| SABER DEVELOPMENT CORPORATION | § | |
| Third-Party Defendant | § | DALLAS COUNTY, TEXAS |

## REQUEST FOR HEARING ON DEFENDANT ATMOS ENERGY CORPORATION'S DISCOVERY OBJECTIONS TO SHARON RUCKEL'S FIRST SET OF INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SHARON RUCKEL, and files this Request for Hearing on Defendant Atmos Energy Corporation's Discovery Objections to Sharon Ruckel's First Set of Interrogatories and in support of the same would show as follows:

1. Plaintiff Sharon Ruckel respectfully requests that the Court rule on the following discovery objections:

a) All objections by Defendant Atmos Energy Corporation to Plaintiff Sharon Ruckel's First Set of Interrogatories attached as **Exhibit 1**.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Sharon Ruckel respectfully requests that the Court set a hearing, and thereafter, overrule Defendant Atmos Energy Corporation's Objections to the above-referenced discovery, that Defendant Atmos Energy

Corporation be ordered to fully and completely respond to such discovery, and that the Court order such relief as it deems just and proper.

Respectfully submitted,

MARK L. HAWKINS
State Bar No. 00790843
J. BRUCE SCRAFFORD
State Bar No. 17931100
ARMBRUST & BROWN, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas  78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

Counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this motion and despite best efforts the counsel have not been able to resolve those matters presented.

Certified to the day **14** of **SEPTEMBER**, 2007.

J. BRUCE SCRAFFORD
MARK L. HAWKINS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was delivered via facsimile to the following counsel of record on this the 14th day of September, 2007:

Karin B. Torgerson
Locke Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, TX 75201

Darrell W. Calvin, Jr.
Touchstone Bernays
4700 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Levi G. McCathern, II
Paul A. Grinke
McCathern | Mooty LLP
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, TX 75219

J. BRUCE SCRAFFORD

**REQUEST FOR HEARING ON DEFENDANT ATMOS ENERGY CORPORATION'S DISCOVERY OBJECTIONS TO SHARON RUCKEL'S FIRST SET OF INTERROGATORIES – Page 3**
307195-1 09/11/2007

CAUSE NO. 06-12248-B

| | | |
|---|---|---|
| DANNY CRYER, individually and as a Representative of the Estate of Benny Cryer, Deceased, and the Estate of Martha Cryer, Deceased, and SHARON RUCKEL, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| and | § | |
| REPUBLIC LLOYDS, | § § § | |
| Intervenor, | § § | DALLAS COUNTY, TEXAS |
| vs. | § § | |
| ATMOS ENERGY CORPORATION, | § § | |
| Defendant, | § § | |
| vs. | § § | |
| SABER DEVELOPMENT CORPORATION, | § § § § | |
| Third Party Defendant. | § | 44TH DISTRICT COURT |

## ATMOS ENERGY CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF SHARON RUCKEL'S FIRST SET OF INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION

TO:    Plaintiff Sharon Ruckel, by and through her attorney, Mark L. Hawkins, Armbrust & Brown, L.L.P., 100 Congress Avenue, Suite 1300, Austin, Texas 78701.

Atmos Energy Corporation ("Atmos Energy") serves these Objections and Responses to Plaintiff Sharon Ruckel's First Set of Interrogatories and Third Request for Production.

**EXHIBIT 1**

# I.
## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**        Please Identify and Briefly Describe all warnings, cautions and safety related instruction, directions, recommendations or advisories which Atmos received actual or constructive notice of prior to October 16, 2006 concerning potential dangers, hazards or failure associated with the use of compression couplings to join gas distribution pipe. You may limit your answer to potential dangers, hazards or failures associated with partial or complete pullout of gas distribution pipe from the compression coupling, and leaks associated with aging, deterioration or relaxation of the gasket in the compression coupling. This interrogatory is intended to include but not be limited to warnings, cautions and safety related instructions, directions, recommendations and advisories published, created or conveyed by the NTSB, OPS, AGA, federal regulatory agencies, state regulatory agencies, ASTM, compression coupling manufacturers, pipe manufacturers, the Plastic Pipe Institute and the employees or consultants of your company and your acquired companies.

**ANSWER:**    Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production. Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition. Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "warnings," "cautions," "safety related instruction," "directions," "constructive notice," "potential dangers," "hazards," "failure(s)," "potential dangers, hazards, or failures," "partial," "aging," "deterioration," "relaxation," "federal regulatory agencies," "state regulatory agencies," "the Plastic Pipe Institute," and "employees or consultants of your company and your acquired companies." Atmos Energy objects because it is unclear what Plaintiffs intend to include in the term "Atmos." (Compare this interrogatory with interrogatory numbers 3, 4, 5, 6, 8, 9, and 11). Subject to and without waiver of its objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy is not presently aware of information responsive to this interrogatory as it relates to the equipment at issue in this case, to wit, a ¾" polyethylene service line directly buried in soil connected to a 1" prebent riser with a ¾" compression coupling. To the extent responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 2:**     Please Identify and Briefly Describe all incidents involving death, injury, property damage or a "reportable" gas leak (reported to or investigated by a state or federal agency), of which Atmos had actual or constructive notice prior to October 16, 2006 and which involved a leak or separation at a compression coupling joint. You may (but are not required to) exclude from your answer 1) incidents involving leaks or separations of transmission as opposed to distribution lines, 2) incidents attributed to corrosion of a metal part, 3) incidents involving a restraint style compression coupling that qualified as an ASTM category 1 style coupling or otherwise had been certified to pass the test set forth in current version of 49 CFR § 192.283(B), and 4) incidents reported as having been caused by lightning, direct equipment contact with the coupling or direct equipment contact with the pipe or component to which the coupling was attached. This interrogatory is intended to include incidents which occurred in Atmos' own distribution system (including portions of the system formerly owned by others of which Atmos has records or knowledge such as Lone Star and TXU) as well as incidents in other distribution systems that Atmos has gained notice of from sources such as the AGA, ASTM, OPS or other agencies or organizations.

**ANSWER:**     Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production. Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition. Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "incidents," "death, injury, property damage or a 'reportable' gas leak," "or investigated by," "constructive notice," "compression coupling joint," "corrosion of a metal part," "restraint style," "qualified as an ASTM category 1 style coupling or otherwise had been certified to pass the test set forth in current version of 49 CFR § 192.283(B)," and "Atmos' own distribution system," and "or other agencies or organizations." Atmos Energy objects because it is unclear what Plaintiffs intend to include in the term "Atmos." (Compare this interrogatory with interrogatory numbers 3, 4, 5, 6, 8, 9, and 11). Subject to and without waiver of its objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy is not presently aware of information responsive to this interrogatory as it relates to the equipment at issue in this case, to wit, a ¾" polyethylene service line directly buried in soil connected to a 1" prebent riser with a ¾" compression coupling. To the extent responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 3:**     Please Identify and Briefly Describe each analysis of accident or failure conducted as required by 49 CFR § 192.617 prior to October 16, 2006, by or on behalf of Atmos (or any company acquired by Atmos to the extent Atmos has records or other knowledge of the failure analysis) with respect to a partial or complete pullout of a pipe from a compression coupling.  You may exclude from your answer 1) incidents involving leaks or separations of transmission as opposed to distribution lines, 2) incidents attributed to corrosion of a metal part, 3) incidents involving a restraint style compression coupling that qualified as an ASTM category 1 style coupling or otherwise had been certified to pass the test set forth in current version of 49 CFR § 192.283(B), and 4) incidents reported as having been caused by lightning, direct equipment contact with the coupling or direct equipment contact with the pipe or component to which the coupling was attached.  This interrogatory is intended to include incidents which occurred to portions of the system formerly owned by others such as Lone Star and TXU of which Atmos has records or knowledge.

**ANSWER:**     Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production.  Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition.  Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "analysis of accident or failure," "required by 49 CFR § 192.617," "partial," "a pipe," "compression coupling," "corrosion of a metal part," "restraint style compression coupling that qualified as an ASTM category 1 style coupling or otherwise had been certified to pass the test set forth in current version of 49 CFR § 192.283(B)."     Subject to and without waiver of its objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy is not presently aware of information responsive to this interrogatory as it relates to the equipment at issue in this case, to wit, a ¾" polyethylene service line directly buried in soil connected to a 1" prebent riser with a ¾" compression coupling.  To the extent responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 4:**     Please Identify and Briefly Describe each analysis of accident or failure conducted as required by 49 CFR § 192.617 prior to October 16, 2006 by or on behalf of Atmos (or any company acquired by Atmos to the extent Atmos has records or other knowledge of the failure analysis) with respect to a leak at a compression coupling joint attributed to aging, deterioration or relaxation of the compression coupling gasket.  You may exclude from your answer 1) incidents involving leaks or separations of transmission as opposed to distribution lines, 2) incidents attributed to corrosion of a metal part, 3) incidents involving a restraint style compression coupling that qualified as an ASTM category 1 style coupling or otherwise had been certified to pass the test set forth in current version of 49 CFR § 192.283(B), and 4) incidents reported as having been caused by lightning, direct equipment contact with the coupling or direct equipment contact with the pipe or component to which the coupling was attached.  This interrogatory is intended to include incidents which occurred to portions of the

system formerly owned by others such as Lone Star and TXU of which Atmos has records or knowledge.

**ANSWER:** Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production. Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition. Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "analysis of accident or failure," "required by 49 CFR § 192.617," "compression coupling joint," "aging," "deterioration," "relaxation," "corrosion of a metal part," and "restraint style compression coupling that qualified as an ASTM category 1 style coupling or otherwise had been certified to pass the test set forth in current version of 49 CFR § 192.283(B)." Subject to and without waiver of its objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy is not presently aware of information responsive to this interrogatory as it relates to the equipment at issue in this case, to wit, a ¾" polyethylene service line directly buried in soil connected to a 1" prebent riser with a ¾" compression coupling. To the extent responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 5:** Please Identify and Briefly Describe all testing, analysis, evaluation or study which was done by or reported or conveyed to Atmos Concerning the pullout resistance of Rockwell or Smith-Blair compression couplings used to join gas distribution lines. This interrogatory is intended to include testing, analysis, evaluation or study conducted by Atmos or one of its acquired companies (similar to the previously produced Lone Star pullout test reports and analysis) as well as testing, analysis or study provided by coupling manufacturers or other third parties including the AGA. You may (but are not required to) exclude from your answer testing, analysis or study of restraint style compression couplings that passed ASTM Category 1 criteria or otherwise passed the test provided in 49 CFR 192.283(b).

**ANSWER:** Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production. Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition. Atmos Energy objects because it is unclear what Plaintiffs intend to include in the term "Atmos." (Compare this interrogatory with interrogatory numbers 3, 4, 5, 6, 8, 9, and 11). Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "testing," "analysis," "evaluation," "study," "or reported or conveyed to," and "restraint style compression couplings that passed ASTM Category 1 criteria or otherwise passed the test provided in 49

CFR 192.293(b)." Subject to and without waiver of these objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy refers Plaintiffs to its production in this case at 04751-04775, 06142-06766, and 10167-10609, and the production in this case from Smith-Blair, Inc., which may contain information responsive to this interrogatory relating to the equipment at issue in this case. To the extent additional responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 6:** Please Identify and Briefly Describe all testing, analysis, study, recommendations, instructions or standards that were conducted or relied upon by Lone Star prior to April of 1979 to determine and account for the longitudinal pullout or thrust forces caused by anticipated external or internal loading at a joint at a gas distribution line installation such as the joint between the service line and the compression coupling on the prebent riser at the Cryer residence.

**ANSWER:** Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production. Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition. Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "testing, analysis, study, recommendations, instructions, or standards," "conducted or relied upon," and "joint at a gas distribution line installation such as the joint between the service line and the compression coupling on the prebent riser at the Cryer residence." Subject to and without waiver of these objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy refers Plaintiffs to its production in this case at 04751-04775, 06142-06766, and 10167-10609, which may contain information responsive to this interrogatory relating to the equipment at issue in this case. To the extent additional responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 7:** Please Identify and Briefly Describe all testing, analysis, study, recommendations, instruction or standards of which Atmos had actual or constructive knowledge prior to October 16, 2006 Concerning the quantification, determination or estimation for accounting for the longitudinal pullout or thrust forces caused by contraction or expansion of the piping or by anticipated external or internal loading on a joint in a gas distribution line, installation, including but not limited to a compression coupling joint.

**ANSWER:**      Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production. Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition. Atmos Energy objects because it is unclear what Plaintiffs intend to include in the term "Atmos." (Compare this interrogatory with interrogatory numbers 3, 4, 5, 6, 8, 9, and 11). Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as a whole and unintelligible as written, and more specifically as to the terms "Please Identify and Briefly Describe," "testing, analysis, study, recommendations, instructions, or standards," "constructive knowledge," "quantification, determination or estimation for accounting for the longitudinal pullout or thrust forces," "the piping," "on a joint in a gas distribution line installation, including but not limited to a compression coupling joint."

**INTERROGATORY NO. 8:**      Please Identify and Briefly Describe all analysis, evaluation, study, consideration or action by Lone Star in response to or as a result of 1) OPS Pipeline Safety Advisory Bulletin ADB-86-02, 2) NTSB reports and recommendations relating to potential failure or pullout of compression couplings or 3) recommendations or advisories from the AGA relating to potential failure or pullout of compression couplings.

**ANSWER:**      Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production. Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition. Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "analysis, evaluation, study, consideration, or action," "failure or pullout" and "NTSB reports and recommendations," and "recommendations or advisories from the AGA." Subject to and without waiver of these objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy refers Plaintiffs to its production in this case at 04751-04775, 06142-06766, and 10167-10609, which may contain information responsive to this interrogatory relating to the equipment at issue in this case. To the extent additional responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 9:**      Please Identify and Briefly Describe all analysis, evaluation, study, consideration or action by TXU in response to or as a result of 1) OPS Pipeline Safety Advisory Bulletin ADB-86-02, 2) NTSB reports and recommendations relating to potential failure or pullout of compression couplings or 3) recommendations or advisories from the AGA relating to potential failure or pullout of compression couplings.

**ANSWER:**   Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production. Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition. Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "analysis, evaluation, study, consideration, or action," "failure or pullout" and "NTSB reports and recommendations," and "recommendations or advisories from the AGA." Subject to and without waiver of these objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy refers Plaintiffs to its production in this case at 04751-04775, 06142-06766, and 10167-10609, which may contain information responsive to this interrogatory relating to the equipment at issue in this case. To the extent additional responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 10:**   Please Identify and Briefly Describe all analysis, evaluation, study, consideration or action by Atmos in response to or as a result of 1) OPS Pipeline Safety Advisory Bulletin ADB-86-02, 2) NTSB reports and recommendations relating to potential failure or pullout of compression couplings or 3) recommendations or advisories from the AGA relating to potential failure or pullout of compression couplings.

**ANSWER:**   Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, harassing, and duplicative of information requested in Plaintiffs' prior 175 requests for production. Atmos Energy further objects to this interrogatory because it amounts to nothing more than an impermissible fishing expedition. Atmos Energy objects because it is unclear what Plaintiffs intend to include in the term "Atmos." (compare this interrogatory with interrogatory numbers 3, 4, and 5). Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "analysis, evaluation, study, consideration, or action," "failure or pullout" and "NTSB reports and recommendations," and "recommendations or advisories from the AGA." Subject to and without waiver of these objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy refers Plaintiffs to its production in this case at 04751-04775, 06142-06766, and 10167-10609, which may contain information responsive to this interrogatory relating to the equipment at issue in this case. To the extent additional responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 11:**     Please Identify and Briefly Describe each study, evaluation, consideration, recommendation, analysis, cost estimate, program, or budget request Concerning 1) the replacement or removal for service of previously installed compression couplings in all or part of a gas distribution system, 2) for reasons of safety, preventative maintenance or regulatory compliance *and* 3) relating to pullout resistance of the coupling or aging, deterioration or relaxation of compression coupling gaskets.  You may exclude from your answer replacement programs that were explicitly and solely considered or implemented for reasons of cathodic protection.  This interrogatory is intended to address the studies, evaluations, consideration, recommendations, analysis, cost estimates, programs or budget requests created by or on behalf of Atmos or by one or on behalf of a prior company that Atmos acquired prior to October 16, 2006 including but not limited to Lone Star and TXU (to the extent Atmos has obtained records or knowledge of the prior company's responsive activities).

**ANSWER:**     Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Atmos Energy further objects to this interrogatory in that it is overly broad as to scope and time frame, unduly burdensome, and harassing.  Atmos Energy further objects to this interrogatory in that it is vague and ambiguous as to the terms "Please Identify and Briefly Describe," "study, evaluation, consideration, recommendation, analysis, cost estimate, program, or budget request," "removal for service," "preventative maintenance," "aging," "deterioration," "relaxation," "explicitly and solely considered or implemented," "evaluations, consideration, recommendations, analysis, cost estimates, programs or budget requests," and "responsive activities."   Subject to and without waiver of its objections, based upon a reasonable review of its records and other available sources of information, Atmos Energy is not presently aware of information responsive to this interrogatory.  To the extent responsive information becomes available, Atmos Energy will supplement its answer to this interrogatory.

**INTERROGATORY NO. 12:**     Please state the date, recipient and the amount or approximate value of all gifts, entertainment or contributions made or given by or on behalf of Atmos to any Texas Railroad Commissioner or campaign of a Texas Railroad Commissioner in the last 5 years.

**ANSWER:**     Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Atmos Energy further objects to this interrogatory in that it is harassing and amounts to nothing more than an impermissible fishing expedition.  Atmos Energy objects to this interrogatory because it is vague and ambiguous as to the terms "the date" "gifts, entertainment, or contributions made or given by."  Atmos Energy objects because it is unclear what Plaintiffs intend to include in the term "Atmos." (Compare this interrogatory with interrogatory numbers 3, 4, 5, 6, 8, 9, and 11).

**INTERROGATORY NO. 13:**     Please state the date, recipient and the amount or approximate value of all gifts, entertainment or contributions made or given by a Political Action Committee funded by Atmos to any Texas Railroad Commissioner or campaign of a Texas Railroad Commissioner in the last 5 years.

**ANSWER:**     Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Atmos Energy further objects to this interrogatory in that it is harassing and amounts to nothing more than an impermissible fishing expedition.  Atmos Energy objects to this Request to the extent that it improperly seeks information from or relating to a non-party.  Atmos Energy objects to this interrogatory because it is vague and ambiguous as to the terms "the date" "gifts, entertainment, or contributions made or given by a Political Action Committee funded by Atmos."  Atmos Energy objects because it is unclear what Plaintiffs intend to include in the term "Atmos." (Compare this interrogatory with interrogatory numbers 3, 4, 5, 6, 8, 9, and 11).

**INTERROGATORY NO. 14:**     Please state the date, recipient and amount or approximate value of all gifts, entertainment or contributions made or given by an Atmos lobbyist to any Texas Railroad Commissioner or campaign of a Texas Railroad Commissioner in the last 5 years.

**ANSWER:**     Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Atmos Energy further objects to this interrogatory in that it is harassing and amounts to nothing more than an impermissible fishing expedition.  Atmos Energy objects to this interrogatory because it is vague and ambiguous as to the terms "the date" "gifts, entertainment, or contributions made or given by an Atmos lobbyist."  Atmos Energy objects because it is unclear what Plaintiffs intend to include in the term "Atmos." (Compare this interrogatory with interrogatory numbers 3, 4, 5, 6, 8, 9, and 11).

**INTERROGATORY NO. 15:**     Please state the date and amount or approximate value of all gifts, entertainment or contributions made or given by or on behalf of Locke Liddell & Sapp LLP to any Texas Railroad Commissioner or campaign of a Texas Railroad Commissioner in the last 5 years.

**ANSWER:**     Atmos Energy objects to this interrogatory in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Atmos Energy further objects to this interrogatory in that it is harassing and amounts to nothing more than an impermissible fishing expedition.  Atmos Energy objects to this Request to the extent that it improperly seeks information from or relating to a non-party.  Atmos Energy objects to this interrogatory because it is vague and ambiguous as to the terms "the date" "gifts, entertainment, or contributions made or given by of on behalf of."

## CERTIFICATE OF SERVICE

I certify that on this 4ᵗʰ day of September, 2007, a true and correct copy of the foregoing pleading has been served upon the following counsel by certified mail, return receipt requested, pursuant to the Texas Rules of Civil Procedure:

> Mark L. Hawkins
> Armbrust & Brown, L.L.P.
> 100 Congress Avenue, Suite 1300
> Austin, Texas 78701
> **Counsel for the Plaintiffs**
>
> Darrell W. Calvin, Jr.
> Touchstone Bernays
> 4700 Renaissance Tower
> 1201 Elm Street
> Dallas, Texas 75270
> **Counsel for Third-Party Defendant**
> **Saber Development Corporation**
>
> Levi G. McCathern, II
> Paul A. Grinke
> McCathern Mooty, L.L.P.
> Regency Plaza
> 3710 Rawlins, Suite 1600
> Dallas, Texas 75219
> **Counsel for Intervenor**
> **Republic Lloyd's**

Karin B. Torgerson

## VERIFICATION

STATE OF TEXAS                                              §
                                                           §
COUNTY OF DALLAS                                           §

BEFORE ME, the undersigned authority, on this day appeared Scott Powell, as authorized agent of Atmos Energy Corporation, and after I administered an oath to him, upon his oath, he stated that he read the foregoing Objections and Responses to Plaintiff Sharon Ruckel's First Set of Interrogatories, the facts in it are true and correct based on the knowledge held by Atmos Energy Corporation and that he is duly authorized to make these answers on behalf of Atmos Energy Corporation.

_____
Scott Powell

SWORN TO AND SUBSCRIBED TO on the ___4th___ day of September, 2007, to certify which witness my hand and seal of office.



CHARLENE DAVIS
Notary Public, State of Texas
My Commission Expires
February 18, 2009

_____
Notary Public, State of Texas

**ARMBRUST & BROWN, L.L.P.**

ATTORNEYS AND COUNSELORS

*FILED*

*2007 SEP 17 AM 10:3*

100 CONGRESS AVENUE, SUITE 1300
AUSTIN, TEXAS 78701-2744
512-435-2300

*GARY FITZSIMMONS*
*DISTRICT*
*DALLAS ... AS*

FACSIMILE 512-435-2360

*DEPUTY*

MARK L. HAWKINS
(512) 435-2309
mhawkins@abaustin.com

September 14, 2007

<u>VIA FEDERAL EXPRESS</u>

Gary Fitzsimmons
Dallas County District Clerk
Dallas County Courthouse
600 Commerce Street
1st Floor-Suite 103.
Dallas, Texas 75202

      Re:    Cause No. 06-12248; *Danny Cryer, Individually and as a Representative of the Estate of Benny Cryer, Deceased and the Estate of Martha Cryer, Deceased; and Sharon Ruckel v. Atmos Energy Corporation v. Saber Development Corporation*; In the B-44[th] Judicial District Court, Dallas County, Texas

Dear Mr. Fitzsimmons:

      Enclosed for filing in the above-referenced matter, please find the original along with one (1) copy of *Request for Hearing on Defendant Atmos Energy Corporation's Discovery Objections to Sharon Ruckel's First Set of Interrogatories*.

      Please affix your file-mark stamp to the copy and return it to me via the enclosed self-addressed stamped envelope.

      Thank you for your assistance, and should you have any questions, please feel free to give me a call.

                        Very truly yours,

                        Mark L. Hawkins

MLH/klf
Enclosures.

307577-1 09/14/2007

**ARMBRUST & BROWN, L.L.P.**
Page 2

cc:   Karin B. Torgerson
       Darrell W. Calvin, Jr.
       Levi G. McCathern, II/Paul A. Grinke

C98

CAUSE NO. 06-12248-B

| | | |
|---|---|---|
| DANNY CRYER, individually and as a Representative of the Estate of Benny Cryer, Deceased, and the Estate of Martha Cryer, Deceased, and SHARON RUCKLE, | § § § § § § § | IN THE DISTRICT COURT OF |
|     Plaintiffs, | § § | |
| AND | § § | |
| REPUBLIC LLOYDS, | § § | |
|     Intervenor, | § § | DALLAS COUNTY, TEXAS |
| vs. | § § | |
| ATMOS ENERGY CORPORATION, | § § § | |
|     Defendant, | § § | |
| vs. | § § | |
| SABER DEVELOPMENT CORPORATION, | § § § | |
|     Third Party Defendant. | § | 44TH DISTRICT COURT |

## NOTICE OF FILING RULE 11 AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Atmos Energy Corporation ("Atmos Energy") and files the Rule 11 Agreement attached hereto as Exhibit A, entered into between counsel for Plaintiffs and Atmos Energy.

Respectfully submitted,

Thomas A. Connop
State Bar No. 04702500
**Karin B. Torgerson**
State Bar No. 00794745
**Jonathan E. Collins**
State Bar No. 24049522

**LOCKE LIDDELL & SAPP PLLC**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 740-8000
Telecopier:  (214) 740-8800

**ATTORNEYS FOR DEFENDANT/THIRD-
PARTY PLAINTIFF ATMOS ENERGY
CORPORATION.**

## CERTIFICATE OF SERVICE

I certify that on this 20th day of September, 2007, a true and correct copy of the foregoing pleading has been served upon the following counsel by facsimile pursuant to the Texas Rules of Civil Procedure:

Mark L. Hawkins
Armbrust & Brown, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
**Counsel for Plaintiffs**

Darrell W. Calvin, Jr.
Touchstone Bernays
4700 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
**Counsel for Saber Development Corporation/Third-Party Defendant**

Levi G. McCathern, II
Paul A. Grinke
McCathern Mooty, L.L.P.
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
**Counsel for Republic Lloyd's/Intervenor**

Jonathan E. Collins

# LOCKE LIDDELL & SAPP PLLC
### ATTORNEYS & COUNSELORS

2200 ROSS AVENUE
SUITE 2200
DALLAS, TEXAS 75201-6776

AUSTIN • DALLAS • HOUSTON • NEW ORLEANS • WASHINGTON, D.C.

(214) 740-8000
Fax: (214) 740-8800
www.lockeliddell.com

DIRECT NUMBER: (214) 740-8725
email: ktorgerson@lockeliddell.com

September 17, 2007

Mark L. Hawkins
J. Bruce Scrafford
Armbrust & Brown, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701-2744

Re:   *Danny Cryer, et al. v. Atmos Energy Corporation, et al.*, Cause No. 06-12248, in the 44th Judicial District Court, Dallas County, Texas

Dear Mark and Bruce:

This letter will confirm our agreement to extend the deadline to produce leak reports for the attached Exhibit A and B as follows:

1)   <u>Exhibit A Leaks</u> – Atmos Energy shall have thirty (30) days to produce such leak reports after Plaintiffs provide Atmos Energy with street addresses for such leaks. In the event Plaintiffs notify Atmos Energy that they cannot provide addresses for the Exhibit A leaks, Atmos Energy shall have thirty (30) days to produce all leak reports for the referenced city on the date provided.

2)   <u>Exhibit B Leaks</u> – Atmos Energy shall have an additional thirty (30) days to comply with the Court's August 21, 2007 Order relating to Exhibit B leaks.

If I have accurately described our agreement, please sign below in accordance with Texas Rule of Civil Procedure 13. If I have not accurately described our agreement, please call me immediately.

Sincerely,

Karin B. Torgerson

AGREED:

Mark L. Hawkins
J. Bruce Scrafford
**Counsel for Plaintiffs**

**EXHIBIT**
**A**

DALLAS: 505721.00025: 1625765v1

cc:    Darrell W. Calvin, Jr. (via fax)
         Paul A. Grinke (via fax)

C 99

CAUSE NO. 06-12248

| | | |
|---|---|---|
| DANNY CRYER, Individually and as a Representative of the Estate of Benny Cryer, Deceased, and the Estate of Martha Cryer, Deceased; and SHARON RUCKEL<br>    Plaintiffs | § § § § § § | IN THE DISTRICT COURT |
| and | § § | |
| REPUBLIC LLOYDS<br>    Intervenor | § § § § | B-44th JUDICIAL DISTRICT |
| v. | § § | |
| ATMOS ENERGY CORPORATION<br>    Defendant<br>v. | § § § § | |
| SABER DEVELOPMENT CORPORATION<br>    Third-Party Defendant | § § | DALLAS COUNTY, TEXAS |

## NOTICE OF HEARING

Please take notice that a hearing before the Court of the above matter has been set for Wednesday, October 10, 2007, at 10:00 a.m., regarding *Request for Hearing on Defendant Atmos Energy Corporation's Discovery Objections to Sharon Ruckel's First Set of Interrogatories* and *Defendant/Third-Party Plaintiff Atmos Energy Corporation's Motion to Quash Second Amended Notice of Intention to Take the Oral and Videotaped Deposition of a Representative or Representatives of Atmos Energy Corporation.*

308055-1 09/18/2007

Respectfully submitted,

_____

**MARK L. HAWKINS**
State Bar No. 00790843
**J. BRUCE SCRAFFORD**
State Bar No. 17931100
**ARMBRUST & BROWN, L.L.P.**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was delivered via facsimile to the following counsel of record on this the 18th day of September, 2007:

Karin B. Torgerson
Locke Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, TX 75201

Darrell W. Calvin, Jr.
Touchstone, Bernays, Johnston, Beall,
   Smith & Stollenwerck, L.L.P.
4700 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Paul A. Grinke
McCathern | Mooty LLP
3710 Rawlins, Suite 1600
Dallas, TX 75219

_____
MARK L. HAWKINS



C 100

CAUSE NO. 06-12248-B

FILED
2007 SEP 2 [ ] 2:52
GARY FITZSIMMONS
DALLAS COUNTY, TEXAS
DEPUTY

| | |
|---|---|
| DANNY CRYER, individually and as a Representative of the Estate of Benny Cryer, Deceased, and the Estate of Martha Cryer, Deceased, and SHARON RUCKLE, | § § § § § § IN THE DISTRICT COURT OF § |
| Plaintiffs, | § § |
| AND | § § |
| REPUBLIC LLOYDS, | § § |
| Intervenor, | § § DALLAS COUNTY, TEXAS § |
| vs. | § § |
| ATMOS ENERGY CORPORATION, | § § |
| Defendant, | § § |
| vs. | § § |
| SABER DEVELOPMENT CORPORATION, | § § § |
| Third Party Defendant. | § 44TH DISTRICT COURT |

## NOTICE OF FILING RULE 11 AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Atmos Energy Corporation ("Atmos Energy") and files the Rule 11 Agreement attached hereto as Exhibit A, entered into between counsel for Plaintiffs and Atmos Energy.

Respectfully submitted,

Thomas A. Connop
State Bar No. 04702500
**Karin B. Torgerson**
State Bar No. 00794745
**Jonathan E. Collins**
State Bar No. 24049522

**LOCKE LIDDELL & SAPP PLLC**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 740-8000
Telecopier:  (214) 740-8800

**ATTORNEYS FOR DEFENDANT/THIRD-
PARTY PLAINTIFF ATMOS ENERGY
CORPORATION.**

## CERTIFICATE OF SERVICE

I certify that on this 21st day of September, 2007, a true and correct copy of the foregoing pleading has been served upon the following counsel by facsimile pursuant to the Texas Rules of Civil Procedure:

Mark L. Hawkins
Armbrust & Brown, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
**Counsel for Plaintiffs**

Darrell W. Calvin, Jr.
Touchstone Bernays
4700 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
**Counsel for Saber Development Corporation/Third-Party Defendant**

Levi G. McCathern, II
Paul A. Grinke
McCathern Mooty, L.L.P.
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
**Counsel for Republic Lloyd's/Intervenor**

Johnathan E. Collins

# LOCKE LIDDELL & SAPP PLLC

### ATTORNEYS & COUNSELORS

2200 ROSS AVENUE
SUITE 2200
DALLAS, TX 75201-6776

AUSTIN • DALLAS • HOUSTON • NEW ORLEANS • WASHINGTON, D.C.

Phone: (214) 740-8000
Fax: (214) 740-8800
www.lockeliddell.com

DIRECT NUMBER: (214) 740-8547
email: tconnop@lockeliddell.com

September 20, 2007

**VIA TELECOPY**

Mark L. Hawkins, Esq.
Armbrust & Brown, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701-2744

     Re:    *Danny Cryer, et al. v. Atmos Energy Corporation, et al*, Cause No. 06-12248-B,
in the 44th Judicial District Court of Dallas County, Texas

Dear Mark:

       Pursuant to our telephone conversation yesterday afternoon, Plaintiffs have agreed that, in addition to the document production covered by the Rule 11 Agreement dated September 19, 2007, that Atmos Energy shall have an additional 30 days to and including October 21, 2007 to comply with the Court's August 21, 2007 Order regarding the production of additional documents. I would appreciate it if you would execute and return to me a copy of this letter in accordance with Texas Rule of Civil Procedure 11.

       Thank you very much for your courtesy.

                  Very truly yours,

                  Thomas A. Connop

TAC:ttl

**AGREED:**

Mark L. Hawkins
Attorneys for Plaintiffs

cc:    J. Bruce Scrafford      *VIA TELECOPY*
       Darrell W. Calvin, Jr.    *VIA TELECOPY*
       Karin Torgerson, Esq. [Firm]

**EXHIBIT**

tabbies

A

DALLAS: 505721.0002S: 1627249v1